UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN M. KINFORD,<br><br>               Petitioner,<br><br>    v.<br><br>JACK PALMER, et al.,<br><br>               Respondents. | Case No. 3:12-cv-00489-MMD-VPC<br><br>ORDER |

This is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (dkt. no. 1-1).

Petitioner responded to this Court's order to show cause and file proof that his appeal before the Nevada Supreme Court had been decided and filed a copy of that court's order affirming the denial of his state postconviction petition (dkt. nos 6, 7). Therefore, the habeas petition shall be filed and docketed, and it shall be served upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for the appointment of counsel (dkt. no. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the issues do not appear particularly complex, and the petition appears sufficiently clear in presenting the issues that petitioner wishes to raise. Counsel is not justified at this time. The motion is denied.

IT IS THEREFORE ORDERED that the Clerk shall FILE and ELECTRONICALLY SERVE the petition (dkt. no. 1-1) on the respondents.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any Statement of Additional Claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have forty-five (45) days from the date of service of the answer to file a reply.

///

///

IT IS FURTHER ORDERED that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

IT IS FURTHER ORDERED that any state court record exhibits filed by respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.

IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE petitioner's motion for appointment of counsel (dkt. no. 1-2).

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (dkt. no. 1-2) is DENIED.

DATED THIS 15th day of February 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE