UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN M. KINFORD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JACK PALMER, et al.,<br><br>　　　　Respondents. | Case No. 3:12-cv-00489-MMD-VPC<br><br>ORDER |

Petitioner Steven M. Kinford filed this petition for writ of habeas corpus. Before the court are two motions by petitioner: motion for court interaction (dkt. no. 15) and motion for records/court case documents (dkt. no. 16). Respondents filed a response to each motion (dkt. nos. 17, 18).

In petitioner's motion for court interaction (dkt. no. 15), he seeks an order directing Nevada Department of Corrections personnel to administer certain prescription medication for Attention Deficit Hyperactivity Disorder to him in order for him to litigate this petition more effectively. However, respondents are correct that the matter before this Court is the federal petition for a writ of habeas corpus that challenges the legality of petitioner's conviction pursuant to 28 U.S.C. § 2254. If petitioner has a claim that prison officials are acting with deliberate indifference to a serious medical need, such claim would implicate his Eighth Amendment rights and would require that he file a civil rights complaint pursuant to 42 U.S.C. § 1983. The issue of petitioner's medication is not properly before this Court, and therefore, his motion for Court interaction is denied.

*See* Rule 1(a)(1), Rules Governing Section 2254 Cases; *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).

Next, petitioner has filed a motion for records/court case documents (dkt. no. 16). Petitioner alleges that on October 14, 2011, he requested that his former counsel, Mr. Ken Ward, send him all court documents, tapes/CDs and any other documents related to his case no. CR6913 in Lyon County District Court. It appears that Mr. Ward represented petitioner during the entry of his guilty plea and at sentencing. Petitioner alleges that Mr. Ward said that he already sent such documents to petitioner, but that petitioner never received copies of audio CDs that are part of his case, or a follow-up report done by detectives in Lyon County (*id.* at 1-2).

The Court will defer a ruling on this motion at this time. Instead, the parties are ordered to provide supplemental briefing. Petitioner is directed to file a brief with the Court that describes specifically what the documents and/or items are that he claims he has not received from his former counsel and that explains the specific relevance of the documents and/or items to the grounds in his federal habeas petition. Petitioner shall state whether these documents/items are relevant to respondents' motion to dismiss this petition. Respondents shall then file a responsive brief which shall include an explanation as to whether or not they are aware of the nature of these documents/items and, if so, why they have not provided them to the Court as exhibits to their motion to dismiss.

IT IS THEREFORE ORDERED that petitioner's motion for court interaction (dkt. no. 15) is DENIED.

IT IS FURTHER ORDERED that, within thirty (30) days of the date this order is entered, petitioner shall file a supplemental brief in support of his motion/request for records/court case documents (dkt. no. 16) in conformance with this order.

IT IS FURTHER ORDERED that, within fourteen (14) days of the date that petitioner files and serves his supplemental brief, respondents shall file a responsive supplemental brief in conformance with this order.

1   IT IS FURTHER ORDERED that respondents' second motion for extension of
2   time to file and serve their response to the petition (dkt. no. 19) is GRANTED nunc pro
3   tunc.

DATED THIS 19th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE