UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STEVEN KINFORD,

             Petitioner,

v.

JACK PALMER, et al.,

             Respondents.

Case No. 3:12-cv-00489-MMD-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition (dkt. no. 20), as well as other motions.

I. **PROCEDURAL HISTORY**

On May 18, 2007, the State charged petitioner by amended complaint in the Justice Court of Dayton Township, County of Lyon, Nevada, with Count I, lewdness with a child under 14; and Counts II and III, sexual assault with a child under 14. (Exhibit 5.)[1] Following psychological evaluations and a finding by the state district court that petitioner was competent (Exhibits 9-14), petitioner entered a waiver of a preliminary hearing. (Exhibit 15.)

On January 31, 2008, the State charged petitioner in the Third Judicial District Court by information with one count of lewdness with a child under the age of 14. (Exhibit 19.) Following an extended arraignment, petitioner pled guilty to the charge contained in

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. nos. 21-27.

the information. (Exhibits 23, 24.) Petitioner was sentenced on August 11, 2008, to life with the possibility of parole after ten years, to be served concurrent to an unrelated sentence. (Exhibit 25.) The judgment of conviction was filed on August 27, 2008. (Exhibit 28.)

Petitioner filed a notice of appeal. (Exhibit 30.) Following the appointment of appellate counsel, petitioner filed a notice of voluntary withdrawal of his direct appeal. (Exhibit 50.) The Nevada Supreme Court dismissed the appeal on August 10, 2009. (Exhibit 56.)

On August 6, 2009, petitioner filed a *pro per* state habeas petition. (Exhibit 55.) Petitioner was appointed counsel, who filed a supplemental petition on March 16, 2010. (Exhibit 74.) The state district court held an evidentiary hearing on the petition. (Exhibit 82.) Following argument by the parties, the court denied the petition. (*Id.*) On August 13, 2010, the state district court filed a written denial of the petition. (Exhibit 89.)

Petitioner appealed the denial of his state habeas petition. (Exhibit 83.) On appeal, petitioner asserted the following arguments:

1. Is a guilty plea valid when the defendant was told by the district judge that if he pleads guilty, he is facing 10 years to life but if he refuses, he is "looking at 50 years minimum" and "if you didn't make a decision today. [sic] I'm going to make one, okay?"

2. Is trial counsel ineffective for agreeing with the guilty plea so obtained?

3. Is appellate counsel ineffective for withdrawing the direct appeal?

(Exhibit 97, at p. 1.) On September 29, 2011, the Nevada Supreme Court affirmed the denial of the state habeas petition. (Exhibit 107.) Remittitur issued on November 4, 2011. (Exhibit 115.)

Petitioner filed a second state habeas petition on December 1, 2011. (Exhibit 117.) Petitioner alleged ineffective assistance of counsel. (*Id.*) The state district court granted the State's motion to dismiss the petition, finding the petition procedurally barred as untimely. (Exhibit 128.) Petitioner appealed the denial of his second state habeas petition. (Exhibit 131.) On December 12, 2012, the Nevada Supreme Court affirmed the state

1 district court's order, finding the second petition untimely pursuant to NRS 34.726, and
2 successive pursuant to NRS 34.810. (Exhibit 153.) Remittitur issued on January 8, 2013.
3 (Exhibit 157.)

4       On September 7, 2012, petitioner dispatched his federal habeas petition to this
5 Court. (Dkt. no. 10.) Respondents have filed a motion to dismiss the petition. (Dkt. no.
6 20.) Petitioner filed an opposition to the motion to dismiss. (Dkt. no. 29.) Respondents
7 filed a reply. (Dkt. no. 30.)

8 **II.    DISCUSSION**

9     **A.    Exhaustion**

10       A federal court will not grant a state prisoner's petition for habeas relief until the
11 prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*,
12 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair
13 opportunity to act on each of his claims before he presents those claims in a federal
14 habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v.*
15 *Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has
16 given the highest available state court the opportunity to consider the claim through direct
17 appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916
18 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

19       A habeas petitioner must "present the state courts with the same claim he urges
20 upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy
21 exhaustion, each of petitioner's claims must have been previously presented to the
22 Nevada Supreme Court, with references to a specific constitutional guarantee, as well as
23 a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039,
24 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of
25 state law, must have been raised in the state court to achieve exhaustion. *Ybarra v.*
26 *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276)). To
27 achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]
28 asserting claims under the United States Constitution" and given the opportunity to

correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); see *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. See *Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### 1. Ground 1

Respondents argue that Ground 1 of the petition is unexhausted. In Ground 1, petitioner alleges: "Petitioner was denied due process of law as guaranteed by the 5th and 14th Amendment to the U.S. Constitution due to the entry of an unknowing unintelligent and involuntary guilty plea." (Dkt. no. 10, at p. 12.) Respondents argue that, although petitioner challenged the validity of his guilty plea in his opening brief on appeal from the denial of his first state habeas petition, petitioner raises several new factual allegations in his federal petition that were never presented to the Nevada Supreme Court, rendering the federal petition unexhausted.

First, respondents contend that the federal petition contains new allegations that petitioner was heavily medicated on numerous psychiatric medications when he entered his guilty plea, and that he had a prior brain injury. A review of the opening brief on appeal reveals that petitioner presented facts regarding petitioner's prior brain injury and

4

facts regarding the specific psychiatric medications he was taking at the time he entered his guilty plea. (Exhibit 97, at pp. 3-10.) Respondents next argue that petitioner's allegation that he filed a motion to withdraw his guilty plea, which was denied at sentencing, is a new fact that was not presented to the Nevada Supreme Court. Respondents are incorrect on this point. The opening brief presented the fact that, on August 11, 2008, petitioner requested the court withdraw his guilty plea, and that this request was denied at the sentencing hearing on August 25, 2011. (Exhibit 97, at p. 7). Respondents further argue that petitioner's assertion regarding the existence of audiotapes that may have had a bearing on his conviction was not presented to the Nevada Supreme Court. The issue of the audiotapes was in fact raised in the opening brief. (Exhibit 97, at p. 6.) The facts plead in the federal habeas petition are not new facts, and they were presented to the Nevada Supreme Court. As such, the inclusion of those facts in the federal petition does not render Ground 1 unexhausted.

Regarding the portion of Ground 1 in which petitioner states that he "did not desire to enter a guilty plea to an offense that resulted in a mandatory life sentence," respondents argue that this is a new factual allegation that was never presented to the Nevada Supreme Court. Respondents also contend that petitioner's allegation that the state district judge gave him misleading information is a new fact that was not presented to the Nevada Supreme Court. In the opening brief on appeal, petitioner's counsel argued that the state district court improperly intervened in the plea negotiation process and coerced petitioner to accept the State's plea offer by advising petitioner of the benefits of the plea agreement, the risk of going to trial, and the severe consequences of a conviction. (Exhibit 97, at p. 9.) Implicit within this argument is the more basic argument, which petitioner voices in his federal habeas petition, that he did not want to plead guilty to a crime carrying a mandatory life sentence and that the state district judge improperly advised him. Therefore, petitioner's inclusion of these statements within Ground 1 does not render the claim unexhausted. Respondents' motion to dismiss Ground 1 as unexhausted is denied.

### 2. Ground 2

Respondents also argue that Ground 2 of the federal petition is unexhausted. In Ground 2 of the federal petition, petitioner alleges that his decision to enter a guilty plea was based on the ineffective assistance of trial counsel. (Dkt. no. 10, at p. 15.) Petitioner alleges that at the time of his guilty plea, defense counsel should have intervened and "corrected the deficiencies, and at a minimum requested a continuance to properly advise petitioner." (*Id.*) In petitioner's opening brief on appeal from the denial of his first state habeas petition, petitioner alleged that trial counsel failed to take appropriate actions when the state court judge intervened in the plea negotiation process. (Exhibit 97, at pp. 11-12.) Ground 2 of the federal habeas petition was properly presented to Nevada Supreme Court. Respondents' motion to dismiss Ground 2 of the petition as unexhausted is denied.

### B. Procedural Default

Respondents assert that Grounds 1 and 2 of the federal petition are procedurally barred. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes

///

is respected in all federal habeas cases. See *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

In support of the argument that Grounds 1 and 2 of the federal petition are procedurally barred, respondents point to the fact that the Nevada Supreme Court affirmed the dismissal of petitioner's second state habeas petition as untimely (pursuant to NRS 34.726(1)) and successive (pursuant to NRS 34.810(2)). (Exhibit 153.) Respondents assert that in the federal petition, petitioner alleges that Grounds 1 and 2 were raised in his second state habeas petition, and therefore, Grounds 1 and 2 were procedurally defaulted in state court. However, Respondents misrepresent the content of the federal habeas petition. The federal petition clearly indicates that Grounds 1 and 2 were "properly presented in a post-conviction habeas petition . . . [filed] in the 3rd Judicial District . . . [on] 8/6/09." (Dkt. no. 10, at p. 14, 16.) The state habeas petition filed on August 6, 2009, was petitioner's first state habeas petition. (Exhibit 55.)[2] In the opening brief on appeal from the denial of the first state habeas petition, the claims presented in Grounds 1 and 2 of the federal petition were properly presented to the Nevada Supreme Court. (Exhibit 97.) The Nevada Supreme Court addressed petitioner's claims that were presented in his first state habeas petition, and these claims are contained in Grounds 1 and 2 of the federal petition. (Exhibit 107.) The fact that the Nevada Supreme Court later affirmed the dismissal of the petitioner's second state petition does not render Grounds 1 and 2 of the federal petition procedurally barred. Respondents' motion to dismiss Grounds 1 and 2 of the federal petition as procedurally barred is denied. Respondents will be required to file an answer to all grounds of the petition, as specified at the conclusion of this order.

///

///

---

[2] Following the appointment of counsel for proceedings in petitioner's first state habeas petition, counsel filed a supplemental petition on March 6, 2010. (Exhibit 74).

7

### III. OTHER PENDING MOTIONS

#### A. Petitioner's Motion for Records/Court Documents (dkt. no. 16)

On April 8, 2013, petitioner filed a "request for records/court case documents." (Dkt. no. 16.) Petitioner asserts that on October 14, 2011, he requested that his former counsel, Kenneth Ward, send him all court documents, tapes/CDs, and any other documents related to his Case No. CR6913 in Lyon County District Court. It appears that Mr. Ward represented petitioner during the entry of his guilty plea and at sentencing. Petitioner alleges that Mr. Ward said that he already sent such documents to petitioner, but that petitioner never received copies of audio CDs that are part of his case, or a follow-up report done by detectives in Lyon County. (*Id.*, at pp. 1-2.)

By order filed June 19, 2013, the Court deferred ruling on petitioner's motion and directed the parties to provide supplemental briefing. (Dkt. no. 31.) In the supplemental briefing, petitioner was directed to specifically describe what documents/items he had not received from his former counsel; explain the specific relevance of the documents/items to the grounds in the federal petition; and state whether the items are relevant to respondents' motion to dismiss the petition. Respondents were directed to file a responsive brief explaining whether or not they are aware of the nature of the documents/items and, if so, why they had not provided them to the Court as exhibits to their motion to dismiss. (*Id.*, at p. 2.)

On July 11, 2013, petitioner filed a supplement briefing. (Dkt. no. 33.) Petitioner specified that counsel failed to provide him with a copy of audio CDs which were part of his case, a report prepared by Mariah Garcia, and page 35 of a report prepared by Detective Cherle Rye on January 12, 2007. (*Id.*) Plaintiff did not specify what relevance the items had on the motion to dismiss or the relevance of the items regarding the merits of the petition. (*Id.*)

Respondents filed a reply to petitioner's supplement briefing. (Dkt. no. 35.) Respondents report that audio CDs are referenced in the transcript of the February 20, 2008 arraignment (Exhibit 22) and the continued arraignment on March 3, 2008 (Exhibit

23). Both transcripts were filed with the state court record in support of respondents' motion to dismiss. (Exhibits 22 & 23.) During the continued arraignment, when petitioner himself addressed the court, he stated that his counsel had sent him some audio tapes, and that one of the tapes was now blank, for reasons he did not know. (Exhibit 23, at p. 5.) Defense counsel, Kenneth Ward, informed the court that he received three tapes, had listened to the tapes, but that one tape was completely blank and the other two had some items on them. (*Id.*) The audiotapes contained discussions between petitioner and his estranged wife, the mother of the minor victim in the lewdness case. (*Id.*) Finally, at the continued arraignment, counsel stated that he had given all of the reports of Rye and Garcia to petitioner. (Exhibit 23, at p. 3.)

Respondents represent to this Court that the documents filed with this Court represent the full and complete state court record, including the state district court and Nevada Supreme Court records, as provided to respondents' counsel by those courts. (Exhibits at dkt. nos. 21-27.) The Court finds that respondents have satisfied their responsibility to provide the state court record pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases.

It does not appear that the audio CDs/tapes or the reports were ever provided to the Nevada Supreme Court. (*See* Exhibits 97, 177.) Federal habeas review of state court proceedings is limited to the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *see* 28 U.S.C. § 2254(d)(1). As such, the audio CDs/tapes and reports are not admissible in this federal habeas corpus proceeding because they were not presented to the state courts. Accordingly, plaintiff's motion for record/ documents (dkt. no. 16) is denied.

  B. **Petitioner's Motion for Court Interaction (dkt. no. 38) and Motion to Strike (dkt. no. 39)**

Petitioner seeks this Court's interaction regarding enforcement of an out-of-court settlement regarding medical treatment and transfer to another prison. (Dkt. no. 38.) Respondents have filed a motion to strike petitioner's motion. (Dkt. no. 39.) Respondents

are correct in their assertion that, to the extent petitioner seeks enforcement of a settlement made in a prisoner civil rights action, he must seek relief in that action and not in the instant habeas corpus action. Accordingly, respondents' motion to strike petitioner's motion for court interaction is granted.

### C. Petitioner's "Question for the Court" Construed as Motion for Counsel (dkt. no. 32)

In petitioner's document entitled "Question for the Court," petitioner seeks the appointment of counsel in this habeas action. (Dkt. no. 32.) The Court therefore construes the document as a motion for the appointment of counsel. Respondents filed an opposition to petitioner's motion for the appointment of counsel. (Dkt. no. 34.) Petitioner filed a reply regarding the motion for counsel. (Dkt. no. 36.)

Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition and pleadings submitted in this action suggest that it may be a relatively complex case. Petitioner is serving a lengthy prison sentence. Moreover, petitioner represents that he suffered a head injury and that he has mental health issues. Accordingly, the Court grants petitioner's motion for the appointment of counsel (dkt. no. 32).

///

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

## IV.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 20) the petition is denied.

It is further ordered that petitioner's motion for records/court documents (dkt. no. 16) is denied.

It is further ordered that respondents' motion to strike petitioner's motion for court interaction (dkt. no. 39) is granted.  The Clerk of Court shall strike petitioner's motion for court interaction (dkt. no. 38) from the record.

It is further ordered that petitioner's "Question for the Court," construed as motion for the appointment of counsel, (dkt. no. 32) is granted. The Federal Public Defender is appointed to represent petitioner.

It is further ordered that the Clerk of Court shall electronically serve the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the petition for writ of habeas corpus (dkt no. 10).  The FPD shall have thirty (30) days from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

It is further ordered that the Clerk of Court shall send a copy of this order to the CJA Coordinator.

///
///
///
///

It is further ordered that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

DATED THIS 13th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE